**THE AFTERGOOD LAW FIRM**
Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

**WOODROW & PELUSO, LLC**
Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice admission to be sought*

Attorneys for Plaintiff and the alleged Class

*Attorneys for Plaintiff and the Classes*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MARIANO BENITEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>POWERLINE FUNDING LLC, a New York limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

1. Plaintiff Mariano Benitez ("Benitez" or "Plaintiff") brings this Class Action Complaint against Defendant Powerline Funding, LLC ("Powerline" or "Defendant") to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using an "artificial or prerecorded

CLASS ACTION COMPLAINT     1

voice" to the cellular telephones of consumers nationwide without their prior express written consent, (2) enjoin Defendant from continuing to place autodialed and/or prerecorded telephone calls to consumers who have elected to out-out of receiving them, and (3) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Classes, plus court costs and reasonable attorneys' fees as set forth herein.

## PARTIES

2.  Plaintiff Mariano Benitez is a natural person over the age of eighteen (18) who resides in Anaheim, Orange County, California.

3.  Defendant Powerline Funding LLC is a limited liability company organized and existing under the laws of the State of New York.

## JURISDICTION & VENUE

4.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because each of the alleged Classes consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA apply.

5.  This Court has personal jurisdiction over Defendant and venue is proper in this District because it solicits significant business in this District, has entered into business contracts in this District, and Plaintiff resides in this District.

## COMMON ALLEGATIONS OF FACT

6.  Powerline is a direct lending bank that provides funding for businesses.

7.  Unfortunately for consumers, Powerline casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its

CLASS ACTION COMPLAINT 2

financial products Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features the repeated making of unsolicited autodialed and/or pre-recorded calls to consumers' telephones, including their cellular telephones, all without any prior express consent to make these calls.

8. To make matters worse, Defendant places these calls to telephones using an ATDS and using a artificial or pre-recorded voice without consumers' prior written express consent in violation of the TCPA.

9. Finally, despite consumers' attempts to opt-out of future calls, Defendant continues to call them.

10. In making the autodialed phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

11. Defendant knowingly made, and continues to make, telemarketing calls without the prior express consent of the recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Classes, but also intentionally and repeatedly violated the TCPA.

### FACTS SPECIFIC TO PLAINTIFF

12. Plaintiff Benitez is the owner and customary user of the personal cellular telephone number ending in 7917.

13. Beginning in or around October 2017, Plaintiff Benitez has been receiving pre-recorded as well as autodialed telemarketing calls on his cellular telephone offering him financial loans from Powerline.

14. Plaintiff Benitez never consented to receiving prerecorded and/or autodialed calls from Powerline or any of its affiliates or agents.

15. During at least one of the pre-recorded calls, Plaintiff followed the prompts, pressed one, and spoke with an agent of Powerline. Plaintiff then requested that he be placed on Defendant's do not call list.

16. Despite repeated requests for the prerecorded/autodialed calls to stop Defendant continues to place calls to Plaintiff.

17. Plaintiff has received pre-recorded as well as autodialed telephone calls from Defendant from the following numbers: 805-617-3618, 877-812-5812, 404-902-6968, and 503-389-1507. On information and belief, Defendant has placed calls to Plaintiff using other telephone numbers as well.

18. Plaintiff does not have a relationship with Defendant, has never provided his telephone number directly to Defendant, and has never requested that Defendant place prerecorded and/or autodialed calls to him or offer him its services. Simply put, Plaintiff has never provided any form of prior express written or oral consent to Defendant to place prerecorded and/or autodialed calls to him and has no business relationship with Defendant.

19. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

20. By making unauthorized prerecorded and/or autodialed calls as alleged herein, Powerline has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, in

CLASS ACTION COMPLAINT 4

addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

21. To redress these injuries, Plaintiff, on behalf of himself and the Classes of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and the Classes defined as follows:

**No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using an ATDS and/or a pre-recorded voice; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

**Stop Call Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellphone; (4) for the purpose of selling Defendant's products and services; (5)

CLASS ACTION COMPLAINT 5

using an ATDS and/or a pre-recorded voice; and (6) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

23. The following people are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Classes; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

24. **Numerosity:** The exact number of members within the Classes is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed autodialed and/or prerecorded calls to thousands of consumers who fall into the defined Classes. The exact number of members of the Classes can only be identified through Defendant's records.

25. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Classes, in that Plaintiff and the members of the Classes sustained damages arising out of Defendant's uniform wrongful conduct.

26. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Classes and has retained counsel competent and experienced in complex class actions. Plaintiff and his counsel have no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff.

CLASS ACTION COMPLAINT 6

27. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to, the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant made the calls with the use of an ATDS and/or an artificial or pre-recorded voice;

(c) Whether Defendant systematically made telephone calls to cellphone owners who did not previously provide Defendant and/or its agents with their prior express written consent;

(d) Whether Defendant systematically made telephone calls to consumers after they explicitly asked not to be called by Defendant; and

(e) Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

28. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Classes so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

29. **Superiority & Manageability:** This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and

expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendant's misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the No Consent Class)**

30. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

31. Defendant made unsolicited and unwanted autodialed and pre-recorded telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's loans and other financial products and services.

32. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and

CLASS ACTION COMPLAINT                    8

(B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

33. Further, Defendant made the autodialed telephone calls using equipment that has the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

34. By making unsolicited telephone calls to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an ATDS and/or pre-recorded or artificial voice, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

35. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited autodialed and pre-recorded telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

36. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*
(On behalf of Plaintiff and the Stop Call Class)**

37. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38. Defendant made unsolicited and unwanted telemarketing calls to telephone numbers belonging to Plaintiff and the other members of the Stop Call Class on their telephones in an effort to sell its products and services after the call

CLASS ACTION COMPLAINT 9

recipient informed Defendant that s/he no longer wished to receive calls from Defendant.

39.   Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention. That is, Defendant utilized equipment that made the telephone calls to Plaintiff and other members of the Stop Call Class simultaneously and without human intervention.

40.   On information and belief, Defendant has no written internal do not call policy wherein it honors do not call requests nor are employees or personnel engaged in calling activities trained with respect to any such policy. Defendant does not honor stop calling requests and continues to call persons, both within and beyond 30 days after the do not call request has been made.

41.   By making unsolicited telephone calls to Plaintiff and members of the Stop Call Class's telephones after they requested to no longer receive calls, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by continuing to call them without prior express consent.

42.   As a result of Defendant's unlawful conduct, Plaintiff and the members of the Stop Call Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellphones and, under 47 U.S.C. § 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

43.   To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Stop Call Class.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Mario Benitez, on behalf of himself and the Classes, prays for the following relief:

    A.    An order certifying the Classes as defined above, appointing Plaintiff Benitez as the representative of the Classes, and appointing his counsel as Class Counsel;

    B.    An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

    C.    An order declaring that Defendant's actions, as set out above, violate the TCPA;

    D.    An order declaring that Defendant's actions, as set out above, were willful, and awarding treble damages;

    E.    A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

    F.    An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Classes;

    G.    An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

    H.    Such other and further relief that the Court deems reasonable and just.

# JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: January 15, 2018 | **MARIANO BENITEZ**, individually and on behalf of all others similarly situated, |
| | By: s/ Aaron D. Aftergood |
| |   One of Plaintiff's Attorneys |
| | **THE AFTERGOOD LAW FIRM**<br>Aaron D. Aftergood (239853)<br>aaron@aftergoodesq.com<br>1880 Century Park East, Suite 200<br>Los Angeles, CA 90067<br>Telephone: (310) 550-5221<br>Facsimile: (310) 496-2840 |
| | **WOODROW & PELUSO, LLC**<br>Steven L. Woodrow*<br>swoodrow@woodrowpeluso.com<br>Taylor T. Smith*<br>tsmith@woodrowpeluso.com<br>3900 East Mexico Avenue, Suite 300<br>Denver, Colorado 80210<br>Telephone: (720) 213-0675<br>Facsimile: (303) 927-0809 |
| | Attorneys for Plaintiff and the Classes |
| | * *Pro Hac Vice admission to be sought* |

CLASS ACTION COMPLAINT     12