1 | ALAN M. RITCHIE (298989)
2 | aritchie@pilgrimchristakis.com
  | PILGRIM CHRISTAKIS LLP
3 | 321 N. Clark Street, 26th Floor
4 | Chicago, Illinois 60654
  | Telephone: (312) 924-1773
5 | Facsimile: (312) 379-8547
6 |
7 | Attorneys for Defendant
  | POWERLINE FUNDING LLC
8 |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| MARIANO BENITEZ, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>POWERLINE FUNDING LLC, a New York limited liability company,<br><br>　　　　Defendants. | Case No. 8:19-cv-00098<br><br>**DEFENDANT POWERLINE FUNDING LLC'S NOTICE OF MOTION AND MOTION TO DISMISS THE CLAIMS OF ALL PUTATIVE NON-CALIFORNIA CLASS MEMBERS, OR IN THE ALTERNATIVE, TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:　　　　June 7, 2019<br>Time:　　　　10:30 a.m.<br>Judge:　　　Hon. Josephine L. Staton<br>Location:　　Courtroom 10A |

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

**NOTICE OF MOTION AND MOTION**

TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on June 7, 2019 at 10:30 a.m., before the Honorable Josephine L. Staton, in Courtroom 10A of the United States District Court for the Central District of California, Southern Division, 411 W. Fourth St., Santa Ana, California, Defendant Powerline Funding LLC ("Powerline") will and hereby does move the Court to dismiss the claims of all putative non-California class members or, in the alternative, to strike the class allegations in Plaintiff Mariano Benitez's ("Plaintiff") Complaint.

This Motion is made pursuant to Rules 12(b)(2) and 12(f) of the Federal Rules of Civil Procedure on the grounds that this Court lacks personal jurisdiction over Powerline with respect to the claims of all putative class members who are not California residents and who were not allegedly injured in California under the United States Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137 S.Ct. 1773 (2017).

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all pleadings and papers on file with the Court in this case, and on such matters as may be presented to the Court at or before the hearing of this Motion.

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on April 19, 2019.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated: April 29, 2019           Defendant Powerline Funding LLC

By: */s/ Alan M. Ritchie*
          One of its Attorneys

Alan M. Ritchie (298989)
aritchie@pilgrimchristakis.com
Pilgrim Christakis LLC
321 N. Clark Street, 26th Floor
Chicago, Illinois 60654
Telephone: (312) 924-1773
Facsimile: (312) 379-8547

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **TABLE OF CONTENTS**

INTRODUCTION ....................................................................................................1

RELEVANT BACKGROUND .................................................................................2

ARGUMENT...........................................................................................................3

    I.   The Court Should Dismiss The Claims Of All Putative Non-California Class
       Members For Lack Of Personal Jurisdiction ....................................................3

       A. Powerline is not subject to the Court's general jurisdiction ........................5

       B. Powerline is not subject to the Court's specific jurisdiction as to the claims
          of the putative non-California class members...............................................6

    II.  Alternatively, The Court Should Strike Plaintiff's Class Allegations.............12

CONCLUSION.......................................................................................................13

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

# TABLE OF AUTHORITIES

## Cases

*Am. W. Door & Trim v. Arch Specialty Ins. Co.*,
    2015 WL 1266787 (C.D. Cal. Mar. 18, 2015)................................................9, 12

*BNSF Ry. Co. v. Tyrrell*,
    137 S.Ct. 1549 (2017)..........................................................................................5, 8

*Bristol-Myers Squibb Co. v. Superior Court of California*,
    137 S.Ct. 1773 (2017)..........................................................................................passim

*Cabrera v. Bayer Healthcare, LLC,*
    2019 WL 1146828 (C.D. Cal. Mar. 6, 2019).......................................................10

*Chavez v. Church & Dwight Co., Inc.*,
    2018 WL 2238191 (N.D. Ill. May 16, 2018)......................................................9, 12

*Daimler AG v. Bauman*,
    134 S.Ct. 746 (2014).............................................................................................5, 6

*Feller v. Transamerica Life Ins. Co.*,
    2017 WL 6496803 (C.D. Cal. Dec. 11, 2017), *appeal filed*, No. 18-55408
    (9th Cir. March 28, 2018) ...................................................................................10

*Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*,
    2017 WL 4224723 (N.D. Cal. Sept. 22, 2017) ..................................................10

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
    131 S.Ct. 2846 (2011)..........................................................................................4, 5, 6

*In re Dental Supplies Antitrust Litig.*,
    2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ....................................................9

*In re Morning Song Bird Food Litig.*,
    2018 WL 1382746 (S.D. Cal. Mar. 19, 2018) ....................................................10

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

*Int'l Shoe Co. v. Washington*,
   326 U.S. 310 (1945)..........................................................................................4, 5

*Maclin v. Reliable Reports of Texas, Inc.*,
   314 F. Supp. 3d 845 (N.D. Ohio 2018).............................................................10

*Marvix Photo, Inc. v. Brand Techs., Inc.*,
   647 F.3d 1218 (9th Cir. 2011) ........................................................................3, 4

*Menken v. Emm*,
   503 F.3d 1050 (9th Cir. 2007) ............................................................................3

*Molock v. Whole Foods Mkt., Inc.*,
   297 F. Supp. 3d 114 (D.D.C. 2018), *appeal filed*, No. 18-7162
   (D.C. Cir. Oct. 31, 2018) ..................................................................................10

*Mussat v. IQVIA Inc.*,
   2018 WL 5311903 (N.D. Ill. Oct. 26, 2018), *appeal filed*,
   No. 19-1204 (7th Cir. Feb. 1, 2019) .................................................................10

*Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*,
   301 F. Supp. 3d 840 (N.D. Ill. 2018).........................................................3, 9, 11

*Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*,
   2014 WL 12103245 (W.D. Wash. Nov. 4, 2014)................................................4

*Schwarzenegger v. Fred Martin Motor Co.*,
   374 F.3d 797 (9th Cir. 2004) ..........................................................................3, 4

*Walden v. Fiore*,
   134 S.Ct. 1115 (2014)..........................................................................................8

**Statutes and Other Authorities**

47 U.S.C. § 227...................................................................................................1, 4

Cal. Code Civ. Proc. § 410.10 .................................................................................4

Fed. R. Civ. P. 12(b)(2) ............................................................................................3

Fed. R. Civ. P. 12(f)...............................................................................................12

vi

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

2

3

## **INTRODUCTION**

4

Plaintiff Mariano Benitez ("Plaintiff") filed this putative class action against

5

Powerline Funding LLC ("Powerline"), alleging that Powerline violated the

6

7

Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA") by making

8

unsolicited autodialed and pre-recorded calls.  Plaintiff seeks to represent two

9

geographically unrestricted putative classes, each including non-California residents

10

who did not receive the alleged calls in California.  Pursuant to the Supreme Court's

11

12

recent decision in *Bristol-Myers Squibb Co. v. Superior Court of California*, 137

13

S.Ct. 1773 (2017), this Court should dismiss the claims of any putative non-

14

California class members or, in the alternative, strike Plaintiff's nationwide class

15

16

definitions because it lacks personal jurisdiction over Powerline with respect to the

17

claims of all putative class members who are not California residents and who were

18

19

not allegedly injured in California.

20

Powerline is not subject to this Court's general personal jurisdiction because

21

it is not "at home" in California; rather, it is a New York limited liability company

22

23

with its principal place of business in New York.  This Court also lacks specific

24

personal jurisdiction over Powerline with respect to the claims of all putative non-

25

California class members because they did not receive any of the alleged calls in

26

California.  Because these non-California class members' claims do not relate to

27

28

Powerline's contacts with California, exercising specific jurisdiction over Powerline

1

with respect to them would violate Powerline's due process rights.  Indeed, "[w]hat is needed—and what is missing here—is a connection between the forum and the *specific claims at issue*." *Bristol-Myers*, 137 S.Ct. at 1781 (emphasis added).

Accordingly, the Court should dismiss the claims of all putative non-California class members or, in the alternative, strike Plaintiff's nationwide class allegations for lack of personal jurisdiction.

## RELEVANT BACKGROUND

Plaintiff asserts a putative class action claim against Powerline for alleged violations of the TCPA.  (*See* Compl.)  In the Complaint, Plaintiff seeks to represent two geographically unrestricted putative classes consisting of:

> **No Consent Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using an ATDS and/or prerecorded voice; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

> **Stop Call Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellphone; (4) for the purpose of selling Defendant's products and services; (5) using an ATDS and/or prerecorded voice; and (6) after the person informed Defendant that s/he no longer wished to receive calls from Defendant.

2

(Compl. ¶ 22.)

Plaintiff alleges that Powerline is a New York limited liability company that "solicits significant business" and "has entered into business contracts" in California.  (*Id*. at ¶¶ 3, 5.)

## **ARGUMENT**

**I.     The Court Should Dismiss The Claims Of All Putative Non-California Class Members For Lack Of Personal Jurisdiction**

A defendant may move to dismiss for lack of personal jurisdiction under Rule 12(b)(2).  Fed. R. Civ. P. 12(b)(2).  "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."  *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).

Where, as here, there is no federal statute which authorizes nationwide service of process to establish personal jurisdiction, the district court applies the law of the state in which the court sits.  *See Marvix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011); *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 862 (N.D. Ill. 2018) ("Because the TCPA does not authorize nationwide service of process, the court ... look[s] to Illinois law for the limitation on the exercise of personal jurisdiction.") (internal citations omitted); *Rinky Dink, Inc. v. Elec. Merch. Sys., Inc.*, 2014 WL 12103245, at *1, fn. 1 (W.D.

1   Wash. Nov. 4, 2014) ("The TCPA, the federal statute at issue, does not provide for

2   nationwide service of process. 47 U.S.C. § 227(e)(6)(E)(ii) . . . In the absence of a

3

4   federal cause of action governing personal jurisdiction, the Court applies

5   Washington law." (citing *Schwarzenegger*, 374 F.3d at 800).  Because California's

6   long-arm statute permits the exercise of personal jurisdiction "on any basis not

7   inconsistent with the Constitution of the United States[,]" Cal. Code Civ. Proc.

8   § 410.10, courts in California need only determine whether the exercise of

9

10  jurisdiction comports with due process.  *See Schwarzenegger*, 374 F.3d at 801.

11

12          "For a court to exercise personal jurisdiction over a nonresident defendant

13  consistent with due process, that defendant must have 'certain minimum contacts'

14  with the relevant forum 'such that the maintenance of the suit does not offend

15

16  traditional notions of fair play and substantial justice.' "  *Mavrix Photo*, 647 F.3d at

17  1223 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  The

18  Supreme Court has recognized two types of personal jurisdiction: general

19  (sometimes called "all-purpose") jurisdiction and specific (sometimes called "case-

20

21  linked") jurisdiction.  *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131

22  S.Ct. 2846, 2848-49 (2011).

23

24          As discussed below, Powerline is not subject to the Court's general

25  jurisdiction because it is not "at home" in California.  Nor is Powerline subject to

26  the Court's specific jurisdiction with respect to the claims of the non-California

27

28  putative class members because they do not arise from Powerline's contacts with

4

California.  Accordingly, those claims should be dismissed for lack of personal jurisdiction.

### A.     Powerline is not subject to the Court's general jurisdiction

A court may exercise general jurisdiction over a defendant for any claim—regardless of whether the claim is connected to the forum—where the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum state."  *Goodyear*, 131 S.Ct. at 2851 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317).

Plaintiff generally alleges that Powerline "solicits significant business" and "has entered into business contracts" in California.  (*See* Compl. ¶ 5.)  However, the Supreme Court has clarified that merely conducting business in a state, even on a continuous and systematic basis, is insufficient to confer general jurisdiction. *Daimler AG v. Bauman*, 134 S.Ct. 746, 761 (2014).  Rather, absent an "exceptional case," general jurisdiction is limited to the "paradigm forums" for which a corporate defendant is considered "at home."  *See id*. at 760-62, fn. 19; *BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1552, 1558 (2017).  The "paradigm forums" for which a corporate defendant is considered "at home" are: (1) its "place of incorporation" and (2) "it's principal place of business."  *BNSF*, 137 S.Ct. at 1558 (citing *Daimler*, 134 S.Ct. at 760 and *Goodyear*, 131 S.Ct. at 2846).

Here, Plaintiff correctly alleges that Powerline is a New York limited liability company.  (Compl. ¶ 3.)  And Plaintiff does not allege that Powerline maintains any

5

offices in California, let alone it's principal place of business.  Thus, in keeping with the limitations set forth in *Goodyear*, *Daimler*, and *BNSF*, this Court cannot exercise general jurisdiction over Powerline.

Instead, this Court's jurisdiction over Powerline is limited to those claims for which Plaintiff can establish specific jurisdiction.  As set forth below, Plaintiff cannot establish specific jurisdiction over Powerline as to the claims of the putative non-California class members; thus, the Court should dismiss those claims.

**B.      Powerline is not subject to the Court's specific jurisdiction as to the claims of the putative non-California class members**

For a court to exercise specific jurisdiction, "the suit" must "aris[e] out of or relat[e] to the defendant's contacts with the forum."  *Daimler*, 134 S.Ct. at 134.  In other words, there must be an "affiliatio[n] between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State. . . ."  *Goodyear*, 131 S. Ct. at 2851 (internal quotations and citations omitted).  "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State."  *Bristol-Myers*, 137 S.Ct. at 1781 (citing *Goodyear*, 131 S.Ct. at 2846).

Applying these "settled principles of specific jurisdiction," the Supreme Court recently clarified in *Bristol-Myers* that due process requires that a court have personal jurisdiction over every plaintiff's claim—not just the claims of those plaintiffs who were injured or reside in the forum state.  137 S.Ct. at 1781.  There, a

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

1  group of over 600 plaintiffs consisting of both California and non-California

2  residents sued Bristol-Myers, a pharmaceutical manufacturer, in a mass action

3

4  brought in California state court for injuries allegedly caused by Bristol-Myers'

5  drug, Plavix.  *Id*. at 1777-78.  Lacking general jurisdiction, the California Supreme

6

7  Court held that the trial court could exercise specific jurisdiction over Bristol-Myers

8  as to the non-California residents' claims because those claims could be aggregated

9  with the California residents' claims.  *Id*. at 1778-79.

10      In an 8-1 decision, the Supreme Court reversed, holding that for the purposes

11

12  of specific jurisdiction, "[t]he mere fact that *other* plaintiffs were [allegedly harmed

13  in] California—and allegedly sustained the same injuries as did the

14  nonresidents—does not allow the State to assert specific jurisdiction over the

15

16  nonresidents' claims."  *Id*. at 1781 (emphasis in original).  The Supreme Court

17  highlighted that the "primary focus for our personal jurisdiction inquiry is the

18  defendant's relationship to the forum state."  *Id*. at 1779.  After discussing the

19

20  distinction between general and specific jurisdiction, the Supreme Court emphasized

21  that specific jurisdiction requires that "the *suit* must arise out of or relate to the

22  defendant's contacts with the *forum*."  *Id*. at 1780 (internal quotations omitted,

23

24  emphasis in original).  "As we have explained, 'a defendant's relationship with a

25  third party, standing alone, is an insufficient basis for jurisdiction.'  This remains

26  true even when the third parties (here, the plaintiffs who reside in California) can

27

28

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

bring claims similar to those brought by the nonresidents." *Id.* at 1781 (citing

*Walden v. Fiore*, 134 S.Ct. 1115, 1123 (2014)).

Here, as in *Bristol-Myers*, there is no connection between the forum, the non-California members of the putative class, and Powerline. Indeed, Plaintiff does not allege that any of the putative non-California class members received any autodialed calls or prerecorded messages in California. (*See* Compl.) Thus, the non-California putative class members in this case sit in the same posture as the non-California plaintiffs in *Bristol-Myers*. Standing alone, the non-California putative class members' claims lack any jurisdictional nexus with this forum. *See BNSF*, 137 S.Ct. at 1558 (noting that because employees did not allege "any injury from work in or related to" the forum, specific jurisdiction could not exist). As in *Bristol-Myers*, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." 137 S.Ct. at 1781.

While *Bristol-Myers* conclusively resolved this issue for mass actions, the majority did not address the narrower issuer of whether its opinion "would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there." *Bristol-Myers*, 137 S.Ct. at 1789, fn. 4 (Sotomayor, J., dissenting). However, numerous district courts have since applied *Bristol-Myers* to putative nationwide class actions—and for good reason. "Nothing in *Bristol-Myers* suggests that its basic holding is inapplicable to class actions." *Chavez v. Church & Dwight Co.,*

8

*Inc.*, 2018 WL 2238191, at *10 (N.D. Ill. May 16, 2018).  Rather, the *Bristol-Myers*'

decision announced a general principle of due process—i.e., in cases involving

specific jurisdiction, there must be a connection between the forum and each

plaintiff's claim.  *Id.*; *see Bristol-Myers*, 137 S.Ct. at 1781.  Indeed, "[t]he

constitutional requirements of due process do not wax and wane when the complaint

is individual or on behalf of a class.  Personal jurisdiction in class actions must

comport with due process just the same as any other case." *In re Dental Supplies*

*Antitrust Litig.*, 16CIV696BMCGRB, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20,

2017); *see also Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*, 301

F. Supp. 3d 840, 861 (N.D. Ill. 2018) ("Under the Rules Enabling Act, a defendant's

due process interest should be the same in the class context.").  Thus, based on

*Bristol-Myers*' reasoning, a court should apply its rationale to putative nationwide

class actions brought in a forum where the court does not have general jurisdiction

over the defendant.  In so doing, numerous district courts have followed *Bristol-*

*Myers* to either dismiss claims brought on behalf of non-resident putative class

members or strike putative nationwide class allegations. [1]  This Court should reach

the same conclusion.

---

[1] *See e.g.*, *Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840, 862 (N.D. Ill. 2018); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444, at *2 (N.D. Ill. July 19, 2018); *Chavez v. Church & Dwight Co., Inc.*, 2018 WL 2238191, at *10–11 (N.D. Ill. May 16, 2018); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017); (footnote continued)

9

1    Neither the Ninth Circuit—nor any other Circuit Court of Appeals—has

2  addressed *Bristol-Myers*' applicability in the putative class context.[2]  And while

3

4  some courts, including courts in this District, have attempted to distinguish "mass

5  actions" from "class actions" to hold that *Bristol-Myers* is inapplicable in the class

6  action context,[3] these decisions offer no persuasive reason to create a class-action

7

8  exception to the settled due process and personal jurisdictional principles that

9  *Bristol-Myers* reaffirmed.  For example, courts that have refused to apply *Bristol-*

10  *Myers* to the class action context have generally opined that: (a) mass actions are

11

12  distinguishable from class actions with respect to due process; and/or (b) the

13  putative class members are not "parties" to the case, and thus should not be

14  considered for personal jurisdiction purposes.[4]

15

16

17

18
     *Maclin v. Reliable Reports of Texas, Inc.*, 314 F. Supp. 3d 845, 851 (N.D. Ohio
19   2018).

20   [2]  However, appeals have recently been filed in the 9th, 7th, and D.C. Circuit Courts
     of Appeal.  *See Feller v. Transamerica Life Ins. Co.*, 2017 WL 6496803, at *17
21   (C.D. Cal. Dec. 11, 2017), *appeal filed*, No. 18-55408 (9th Cir. March 28, 2018);
22   *Mussat v. IQVIA Inc.*, 2018 WL 5311903, at *3 (N.D. Ill. Oct. 26, 2018), *appeal
     filed*, No. 19-1204 (7th Cir. Feb. 1, 2019); *Molock v. Whole Foods Mkt., Inc.*, 297 F.
23   Supp. 3d 114, 119 (D.D.C. 2018), *appeal filed*, No. 18-7162 (D.C. Cir. Oct. 31,
24   2018).

25   [3] *See e.g., Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 2017 WL 4224723,
     at *4-5 (N.D. Cal. Sept. 22, 2017); *In re Morning Song Bird Food Litig.*, 2018 WL
26   1382746, at *5 (S.D. Cal. Mar. 19, 2018); *Cabrera v. Bayer Healthcare, LLC*, 2019
27   WL 1146828, at *8 (C.D. Cal. Mar. 6, 2019).

28   [4] *See* fn. 4.

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES

However, many courts have been critical of these arguments, noting that they are distinctions without a difference with respect to the constitutional limits on personal jurisdiction.  The district court in *Chavez v. Church & Dwight Co., Inc.* recently summarized this line of cases:

> Nothing in *Bristol-Myers* suggests that its basic holding is inapplicable to class actions; "rather, the Court announced a general principle—that due process requires a 'connection between the forum and the specific claims at issue.' "  To the contrary, the Court's concerns about federalism suggest that it seeks to bar nationwide class actions in forums where the defendant is not subject to general jurisdiction.  And, as Judge Durkin recently pointed out, "[u]nder the Rules Enabling Act, a defendant's due process interest should be the same in the class context" as it is in individual or mass actions.

> Further, the Court is unpersuaded by the reliance of some district courts on the fact that the citizenship of unnamed class members is disregarded for purposes of determining diversity—that is, subject matter—jurisdiction. The question here is not whether this Court has subject matter jurisdiction, but whether, consistent with due process, this Court may exercise specific personal jurisdiction over a defendant with regard to claims that have no connection with this state beyond their similarity to claims asserted by other plaintiffs who are residents of this state.

2018 WL 2238191, at *10–11 (N.D. Ill. May 16, 2018) (internal citations omitted). As the *Chavez* court points out, the mass action/class action distinction ignores the fundamental due process and federalism concerns at the heart of *Bristol-Myers*.  *See also Practice Mgmt.*, 301 F. Supp. 3d at 861.  Simply put, exercising personal jurisdiction over Powerline with respect to putative class members' claims that arose entirely outside of California cannot be squared with the due process principles and federalism concerns addressed in *Bristol-Myers*, *Daimler*, *Goodyear*, and the rest of

11

the Supreme Court's personal jurisdiction jurisprudence.  Similarly, as the *Chavez* court recognized, the party/non-party distinction conflates the status of unnamed class members for the purposes of determining *subject matter jurisdiction* with their status in evaluating *personal jurisdiction*.  *See Chavez*, 2018 WL 2238191, at *11.  Because these are distinctions without a difference with respect to the "settled principles regarding personal jurisdiction" and due process concerns affirmed in *Bristol-Myers*, this Court should side with the numerous courts that have applied *Bristol-Myers* in the class action context.

Pursuant to *Bristol-Myers*, there is no basis for this Court to exercise specific jurisdiction over Powerline with respect to the claims of the putative non-California class members.  The Court should therefore dismiss those claims.

## II.   Alternatively, The Court Should Strike Plaintiff's Class Allegations

Under Rule 12(f), a court may strike from a pleading any material that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Riv. P. 12(f).   "Rule 12(f) also grants courts the authority to strike class allegations that cannot possibly move forward on a classwide basis." *Am. W. Door & Trim v. Arch Specialty Ins. Co.*, 2015 WL 1266787, at *3 (C.D. Cal. Mar. 18, 2015) (internal quotations and citation omitted).

Plaintiff's class allegations include putative non-California class members who did not receive any of the alleged calls in California.  (Compl. ¶ 22.)  Yet, as set forth above, the Court lacks personal jurisdiction over Powerline with respect to

12

the claims of these putative non-California class members pursuant to the "settled principles of personal jurisdiction" affirmed in *Bristol-Myers*.  Thus, if the Court is not inclined to grant Powerline's motion to dismiss, it should nonetheless strike Plaintiff's nationwide class allegations to exclude the claims of all putative non-California class members for which the Court cannot exercise personal jurisdiction over Powerline.

## CONCLUSION

For the reasons set forth above, Powerline respectfully requests that the Court grant its motion to dismiss the claims of all putative non-California class members or, in the alternative, strike Plaintiff's class allegations.

Respectfully submitted,

Dated: April 29, 2019                    Defendant Powerline Funding LLC

By: */s/ Alan M. Ritchie*
                                              One of its Attorneys

Alan M. Ritchie (298989)
aritchie@pilgrimchristakis.com
Pilgrim Christakis LLC
321 N. Clark Street, 26th Floor
Chicago, Illinois 60654
Telephone: (312) 924-1773
Facsimile: (312) 379-8547

13

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Alan M. Ritchie, an attorney, certifies that on April 29, 2019, he

electronically filed the foregoing document with the Clerk of the Court by using the

CM/ECF system, which will send a notice of electronic filing to all attorneys of

record.

                                                 */s/ Alan M. Ritchie*

NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO STRIKE CLASS
ALLEGATIONS; MEMORANDUM OF POINTS AND AUTHORITIES