Aaron D Aftergood
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: 310-551-5221
Facsimile: 310-496-2840

Steven L. Woodrow*
    swoodrow@woodrowpeluso.com
Taylor T. Smith*
    tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **MARIANO BENITEZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**POWERLINE FUNDING, LLC**, a New York limited liability company,<br><br>Defendant. | Case No. 8:19-cv-00098-JLS-DFM<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE CLAIMS OF ALL PUTATIVE NON-CALIFORNIA CLASS MEMBERS**<br><br>Date: June 7, 2019<br>Time: 10:30 a.m.<br>Judge: Hon. Josephine L. Staton<br>Place: Courtroom 10A |

## I. INTRODUCTION

Defendant Powerline Funding LLC ("Defendant" or "Powerline") moves to dismiss on the grounds that the Court supposedly lacks personal jurisdiction over Defendant for the claims of any class members who do not reside in California. (Mot. to Dismiss, ECF 28.) Powerline's Motion is premised entirely on the assertion that the Supreme Court's recent decision in *Bristol-Myers Squibb Co. v. Superior Court of Cal.*, 137 S. Ct. 1773 (2017), applies to this case. Defendant's bid to dismiss such claims fails, however, as it ignores the trend of courts across the country, including this Court and others in this Circuit.

As explained below, *Bristol-Myers* is distinguishable from the present action for a variety reasons, as outlined by a number of district courts that have recognized the inapplicability of *Bristol-Myers* to class actions. Further, Defendant has not demonstrated (or even argued) that answering for its nationwide telemarketing activities in this Court would burden or prejudice Powerline—the Court can therefore exercise personal jurisdiction without violating due process. Finally, Powerline's alternative motion to strike the class allegations lacks any support. Accordingly, the Court should deny Defendant's Motion to Dismiss.

## II. ARGUMENT

### A. The Bristol-Myers Decision Is Inapplicable To The Case At Hand—The Court May Properly Exercise Personal Jurisdiction Over Powerline For The Claims Of Benitez And The Class.

Underlying Powerline's Motion to Dismiss is Defendant's belief that the *Bristol-Myers* opinion can be applied to deprive a federal court of personal jurisdiction over out-of-state plaintiffs in a class action. However, this belief is contradicted and outweighed by a growing number of decisions, including by this Court, that application of *Bristol-Myers* should not be stretched beyond the distinguishing bounds of the opinion.

In *Bristol-Myers*, the Supreme Court considered whether California state courts could exercise personal jurisdiction over a non-resident pharmaceutical company by a mix of resident and non-resident plaintiffs in a mass tort action. *Bristol-Myers*, 137 S. Ct. at 1777–78. The mass action in *Bristol-Myers* included the claims of 86 California residents and 592 residents of 33 other states, filed in eight separate complaints in California Superior Court. *Id.* at 1778. Applying "settled principles of personal jurisdiction," the Supreme Court ultimately concluded that the California state court could not exercise personal jurisdiction over the claims of non-resident defendants because their claims did not arise from or relate to the defendant's contacts with California. *Id.* at 1781–83.

In the wake of the *Bristol-Myers* decision district courts have reached differing conclusions about the opinion's applicability to class actions. Unsurprisingly, Powerline contends that "many courts" have applied *Bristol-Myers* to class actions, relying on one case in the Northern District of Illinois. (ECF 28 at 11–12); s*ee Chavez v. Church & Dwight Co., Inc.*, 2018 WL 2238191, at *10–11 (N.D. Ill. May 16, 2018). But far more cases, including those buried in Powerline's footnotes, have found wide-ranging support for the conclusion that *Bristol-Myers* does not apply to class actions. When addressing this issue in comparable cases, courts have employed the following justifications for not extending *Bristol-Myers* to find a lack of personal jurisdiction:

- **Class actions are legally distinguishable from mass torts.** *See Cabrera v. Bayer Healthcare, LLC*, 2019 WL 1146828, at *7–8 (C.D. Cal. Mar. 6, 2019) ("Each plaintiff in a mass tort action is a real party in interest, while the named plaintiffs in a putative class action are the only ones actually named . . . . It is well settled that an individual is not considered a party in every factual or legal setting."); *Fabricant v. Fast Advance Funding, LLC*, 2018 WL 6920667, at *5 (C.D. Cal. Apr. 26,

2018) ("[T]he claims of unnamed members of a proposed class are not relevant to the determination of specific jurisdiction, only the claims of named plaintiffs. Thus, the personal jurisdiction analysis concerning named plaintiffs in a mass tort action is distinguishable from the personal jurisdiction analysis of unnamed members of a proposed nationwide class action. This is especially true where there are no facts yet to determine the location of members of the nationwide class or where those class members suffered their harm."); *In re Chinese-Mfgd. Drywall Prod. Liab. Litig.*, 2017 WL 5971622, at *14 (E.D. La. Nov. 30, 2017) ("[A] class action has different due process safeguards. . . . [F]or a case to qualify for class action treatment, it needs to meet the additional due process standards for class certification under Rule 23."); *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, 2017 WL 4224723, at *5 (N.D. Cal. Sept. 22, 2017) ("In class actions, the citizenship of the unnamed plaintiffs is not taken into account for personal jurisdiction purposes.").

- **Federal suits in federal court do not pose issues of foreign sovereignty.** *See Sloan v. General Motors LLC*, 287 F. Supp. 3d 840, 858–59 (N.D. Cal. 2018) ("[A]ll federal courts, regardless of where they sit, represent the same federal sovereign, not the sovereignty of a foreign state government. . . . [W]here a federal court presides over litigation involving a federal question, the due process analysis does not incorporate the interstate sovereignty concerns that animated *Bristol-Myers* and which may be 'decisive' in a state court's analysis."); *Fabricant*, 2018 WL 6920667, at *5 ("Plaintiff's action concerns a federal question, was brought in federal court, and does not raise the same interstate federalism concerns found in *Bristol-Myers*.");

> *see also Bristol-Myers*, 137 S. Ct. at 1784 ("[W]e leave open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court.").

- **The Supreme Court did not address class actions in its opinion.** *Bristol-Myers*, 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting) ("The Court today does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs, not all of whom were injured there."); *see also Santos v. CarMax Business Services, LLC*, 2018 WL 7916823, at *5 (N.D. Cal. May 8, 2018) ("That omission suggests that *Bristol-Myers* is not intended to extend into the class action context.").

- ***Bristol-Myers* did not change the law.** *Bristol-Myers*, 137 S. Ct. at 1781, 1783 ("Our settled principles regarding specific jurisdiction control this case."); *Sloan*, 287 F. Supp. 3d at 854 ("[T]he Supreme Court expressly stated that its decision did not inaugurate a change in law."); *Al Haj v. Pfizer Inc.*, 338 F. Supp. 3d 815, 818–19 (N.D. Ill. 2018) ("*Bristol-Myers* characterized its holding as a 'straightforward application ... of settled principles of personal jurisdiction.' That characterization is hard to square with the extraordinary sea change in class action practice that Pfizer's reading of *Bristol-Myers* would prompt.") (citations omitted).

Hence, the weight of these decisions counsel against applying *Bristol-Myers* to the present action. Plaintiff's Complaint consists of federal law claims, brought in federal court—foreign sovereignty issues are not implicated. Further, Plaintiff brings this action on behalf of himself and a nationwide class of consumers in a similar position; the class members are yet unnamed and unnumbered, and their

citizenship is not relevant to the Court's jurisdictional analysis. Defendant's contention that the residence of absent, unidentified class members should be considered to strip the Court of personal jurisdiction over this action would require an "extraordinary sea change in class action practice." *Al Haj*, 338 F. Supp. 3d at 819. Such a sea change is not the logical result of *Bristol-Myers*, a case applying *settled law* of personal jurisdiction to claims from hundreds of *named* plaintiffs in a *mass tort* action.

      Nevertheless, even if the citizenship of unnamed class members were relevant to this inquiry (it is not), the Court could properly exercise pendent jurisdiction over their claims. A court may exercise pendent personal jurisdiction over a defendant for claims with no independent basis for jurisdiction if those claims arise out of a common nucleus of operative facts that resulted in claims over which the court *does* have jurisdiction. *Action Embroidery Corp. v. Atlantic Embroidery, Inc.*, 368 F.3d 1174, 1180 (9th Cir. 2004). The Ninth Circuit adopted this doctrine in the interests of "judicial economy, avoidance of piecemeal litigation, and overall convenience of the parties." *Id.* at 1181. In the wake of *Bristol-Myers*, this doctrine has since been applied to class actions for the same reasons. *Sloan*, 287 F. Supp. 3d at 859–860 (finding that *Action Embroidery*'s holding focused on whether the claims shared a nucleus of common facts, not whether they belonged to the same plaintiffs). Here, Powerline does not dispute that the Court has jurisdiction over the claims of Benitez and any in-state class members, and the claims of all other class members arise from the same nucleus of facts—they concern Defendant's broad telemarketing activities, directed to consumers throughout the nation in a uniform pattern. Indeed, this uniformity is a requisite element of class actions. FED. R. CIV. P. 23(a)(2).

      Powerline's arguments for applying *Bristol-Myers* and dismissing the claims of non-California class members are thinly supported and ignore the legal trends of

courts in this circuit and many others. The holding of *Bristol-Myers* did not concern class actions, and it is accordingly inapplicable to and distinguishable from the present action. In any event, the Court may properly exercise specific personal jurisdiction over Defendant.

### B. Defendant Has Failed To Suggest Any Burden Or Due Process Violation That Would Occur If The Case Continued In This Court.

As Defendant points out in its Motion, an exercise of personal jurisdiction over a nonresident defendant must be consistent with due process. The primary concern of such an analysis, however, focuses on the burden that a defendant would supposedly face. Powerline, somewhat predictably, has not suggested any burden that defending this case in the Central District of California would impose (because no such burden exists). The Court may exercise jurisdiction over this action without violating due process.

The Supreme Court's standard provides that a nonresident defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Bristol-Myers*, 137 S. Ct. at 1785 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotations omitted). This inquiry focuses on the relationship between the defendant, the forum, and the litigation. *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017). The primary concern in the analysis is "the burden on the defendant." *Id.* (quoting *Bristol-Myers*, 137 S. Ct. at 1780). That said, restrictions on personal jurisdiction are not just a matter of whether litigation is inconvenient or distant—they are "a consequence of territorial limitations on the power of the respective states." *Hanson v. Denckla*, 357 U.S. 235, 251 (1958). Accordingly, even if the forum state is convenient, "the Due Process Clause, acting as an instrument of interstate federalism, may sometimes act to

divest the State of its power to render a valid judgment." *Bristol-Myers*, 137 S. Ct. at 781 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 294 (1980)).

Applied here, however, Defendant has not pointed to any burden or due process concern that would be implicated by defending the present action in this Court. Even though the purported class includes non-California residents, Plaintiff Benitez is a California resident, and the harm that he alleges in his Complaint arises from Powerline's telemarketing activities directed into California (the same harm that affected all other class members). Thus, Defendant has sufficient minimum contacts with the forum state as it relates to Plaintiff's claims, and Powerline could anticipate defending itself in this Court. Further, Defendant could not plausibly suggest that it would be less burdensome to proceed only with the claims of California class members—doing so would create the possibility for duplicative proceedings in as many as 49 other states, all concerning the exact same activity challenged under the exact same federal law. This is precisely the kind of tedium and judicial inefficiency that class actions are intended to prevent. *See, e.g., Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 550 (1974) (noting that federal class actions are representative suits "designed to avoid, rather than encourage, unnecessary filing of repetitious papers and motions.").

Likewise, federalism concerns are not implicated here, and the Court may resolve this case without risking any prejudice to Defendant. As an example, the defendant in *Sloan* attempted to argue that a federal court sitting in Florida might be more familiar with Florida law than a federal court sitting in California. *Sloan*, 287 F. Supp. 3d at 862. The court skeptically rejected this argument: "it is not clear how that translates into a burden, let alone an unreasonable one." *Id*. Further, the court was unpersuaded because federal courts are frequently called upon to interpret and apply state laws. *Id*. Powerline's position is even weaker and it cannot even pose

1 this (unpersuasive) argument—the claims at issue are based entirely in federal law.
2 Indeed, the TCPA applies evenly throughout the United States, and it is routinely
3 and uniformly interpreted by federal district courts.

4       Defendant will not suffer any burden or prejudice as a result of the Court
5 exercising jurisdiction over this class action. Powerline has directed its
6 telemarketing activities into California, and Plaintiff's federal law claim arises from
7 those activities. Further, adjudicating the claims of all class members at once in this
8 action will not burden Powerline. Proceeding in this Court does not offend
9 traditional notions of fair play or substantial justice, and Defendant's due process
10 rights are not at risk.

      **C.    Plaintiff's Class Allegations Should Not Be Stricken.**

12       Finally, as an alternative to dismissal of the claims of non-California class
13 members, Powerline briefly asks the Court to strike Plaintiff's class allegations.
14 Rule 12(f) permits the Court to strike from the pleadings any "redundant,
15 immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Defendant has
16 provided no argument whatsoever to suggest that Plaintiff's class allegations are
17 redundant, immaterial, impertinent, or scandalous. (*See* ECF 28, at 12–13.) Instead,
18 Powerline relies again on its *Bristol-Myers* interpretive argument, citing to the
19 proposition that courts may also "strike class allegations that cannot possibly move
20 forward on a classwide basis." (*Id.* at 12); *Am. W. Door & Trim v. Arch Specialty*
21 *Ins. Co.*, 2015 WL 1266787, at *3 (C.D. Cal. Mar. 18, 2015).

22       Of course, Defendant fails to note that the courts "have long disfavored Rule
23 12(f) motions, granting them only when necessary to discourage parties from
24 making completely tendentious or spurious allegations." *Am. W. Door & Trim*,
25 2015 WL 1266787, at *3 (quoting *Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518
26 (N.D. Cal. 2004). Moreover, it is well-settled that a determination that a case cannot
27 proceed on a class basis is more appropriately addressed during class certification

28

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
-8-

briefing, not in a motion to strike. *See Am. W. Door & Trim*, 2015 WL 1266787, at *7 ("Rule 23 is the better vehicle to test the propriety of class certification.") (quoting *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012)).  Indeed, courts generally refuse to strike class allegations unless it is obvious from the face of the pleadings that certification would be impossible. *See Manning v. Boston Medical Ctr. Corp.*, 725 F.3d 34, 59 (5th Cir. 2013). Defendant has failed to make such a showing here.

On the other hand, Plaintiff has demonstrated herein that the case can proceed on a class basis, including those class members who do not reside in California, because *Bristol-Myers* does not strip the Court of jurisdiction over this action. Powerline has provided no credible basis for striking the class allegations, and the Court should thus deny the motion to strike as well.

### III. CONCLUSION

The Court should deny Powerline's Motion to Dismiss. The *Bristol-Myers* opinion upon which Defendant premises its motion is inapplicable to this case—the Court has specific personal jurisdiction over the claims. Further, Powerline will not experience any burden or due process violation by defending the claims in this Court. Accordingly, the Court should deny Defendant's motion and award any such relief as it deems necessary and just.

Respectfully Submitted,

**MARIANO BENITEZ**, individually and on behalf of all others similarly situated,

Dated: May 17, 2019

By:   /s/ Steven L. Woodrow
      One of Plaintiff's Attorneys

Aaron D Aftergood
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
-9-

1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: 310-551-5221
Facsimile: 310-496-2840

Steven L. Woodrow*
   swoodrow@woodrowpeluso.com
Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Classes

**Pro Hac Vice*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on May 17, 2019.

/s/ Steven L. Woodrow