_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00098-JLS-DFM                    Date:  June 06, 2019
Title:  Mariano Benitez v. Powerline Funding, LLC

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

  Terry Guerrero                                     N/A  
  Deputy Clerk                                   Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

  Not Present                                    Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING DEFENDANT'S
                MOTION TO DISMISS (Doc. 28)**

        Before the Court is a Motion to Dismiss filed by Defendant Powerline Funding,
LLC.  (Mot., Doc. 28.)  Plaintiff Mariano Benitez opposed (Opp., Doc. 30) and
Defendant replied (Reply, Doc. 31).[1]  For the following reasons, the Court DENIES
Defendant's Motion.

        Plaintiff, a California resident, brings this putative nationwide class action against
Defendant under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.
(Compl. ¶¶ 2, 30–43, Doc. 1.)  Defendant's Motion seeks to dismiss for lack of specific[2]
personal jurisdiction the "claims of all putative class members who are not California
residents and who were not allegedly injured in California . . ."  (Mot. ii.)  In the
alternative, Defendant seeks to strike the nationwide class allegations.  (*Id.*)

        Defendant's Motion is predicated entirely on the Supreme Court's decision in
*Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773 (2015).  There, the Court
held − in a nationwide mass tort action for alleged injuries from the drug Plavix − that a
California state court could not exercise specific jurisdiction over non-California
residents where there was not an "adequate link" between the non-residents claims and
California.  *Id.* at 1781.  Specifically, "the nonresidents were not prescribed Plavix in

_____

[1] The Court finds this matter appropriate for decision without oral argument and thus the hearing
set for June 7, 2019, at 10:30 a.m., is VACATED.  Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

[2] There is no dispute that the Court lacks general jurisdiction over Defendant.  (*See* Opp. at 9.)

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00098-JLS-DFM                     Date:  June 06, 2019
Title:  Mariano Benitez v. Powerline Funding, LLC

California, did not purchase Plavix in California, did not ingest Plavix in California, and were not injured by Plavix in California." *Id.*  Thus, Defendant argues that the non-California-resident putative class members in this case have no connection to California, and the Court should dismiss their claims or strike the nationwide class allegations. (Mem. at 8.)

As noted by Justice Sotomayor's dissent in *Bristol-Myers*, "[t]he Court . . . does not confront the question whether its opinion here would also apply to a class action in which a plaintiff injured in the forum State seeks to represent a nationwide class of plaintiffs not all of whom were injured there." *Bristol-Myers*, 137 S. Ct. at 1789 n.4 (Sotomayor, J., dissenting).   "Although the Ninth Circuit has not addressed this question, the weight of authority examining this issue has concluded that *Bristol-Myers* does not apply to class actions."[3]  *Sotomayor v. Bank of Am., N.A.*, No. CV1900541CJCGJSX, 2019 WL 1985115, at *2 (C.D. Cal. May 3, 2019) (declining to apply *Bristol-Myers* to nationwide TCPA class action) (citing *Cabrera v. Bayer Healthcare*, LLC, Case No. LA CV17-08525 JAK (JPRx), 2019 WL 1146828, at *7–8 (C.D. Cal. Mar. 6, 2019) (collecting cases)).  The *Sotomayor* court identified two key elements that courts have relied upon to distinguish class actions from mass tort actions for purposes of personal jurisdiction; namely, the difference in status of plaintiffs and unnamed class members, and the due process safeguards built into Rule 23 of the Federal Rules of Civil Procedure. *See id.*   The Court finds these distinctions persuasive.

First, each plaintiff in a mass tort action is a "real party in interest."  *Id.*  Due to the representative nature of class actions, however, the named plaintiffs are the only real

---

[3] Defendant cites to district courts that have concluded that *Bristol-Myers* applies to class actions.  (*See, e.g.,* Mem. at 8–10 (citing *Practice Mgmt. Support Services, Inc. v. Cirque du Soleil, Inc.*, 301 F. Supp. 3d 840 (N.D. Ill. 2018); *Am.'s Health & Res. Ctr., Ltd. v. Promologics, Inc.*, 2018 WL 3474444 (N.D. Ill. July 19, 2018); *Chavez v. Church & Dwight Co., Inc.*, 2018 WL 2238191 (N.D. Ill. May 16, 2018); *In re Dental Supplies Antitrust Litig.*, 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017)).)  As *Sotomayor* noted, however, "[m]ost of these decisions come from the Northern District of Illinois and build off each other."  *Sotomayor*, 2019 WL 1985115 at *2 n.2.  Further, "[d]istrict courts throughout the Ninth Circuit . . . have consistently disagreed with this line of authority."  *Id.* (collecting cases).  For the reasons expressed herein, the Court finds the cases that have declined to apply *Bristol-Myers* to class actions more persuasive.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00098-JLS-DFM                              Date:  June 06, 2019
Title:  Mariano Benitez v. Powerline Funding, LLC

parties in interest.  *See id.*  "It is well-settled that an individual is not considered a party in every factual or legal setting."  *Cabrera*, 2019 WL 1146828, at *8 (citing *Devlin v. Scardelletti*, 536 U.S. 1, 9–10 (2002)); *see also Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811 (1985) (holding that a court "may exercise jurisdiction over the claim of an absent class-action plaintiff, even though that plaintiff may not possess the minimum contacts with the forum which would support personal jurisdiction over a defendant").  Thus, "while the claims of nonresident plaintiffs were pertinent to the issue of specific jurisdiction in *Bristol-Myers*, the claims of unnamed class members are not implicated in the question of specific jurisdiction in a class action."  *Sotomayor*, 2019 WL 1985115, at *2.

Second, Federal Rule of Civil Procedure 23 "imposes additional due process safeguards on class actions, *i.e.*, numerosity, commonality, typicality, adequacy of representation, predominance and superiority, that do not exist in the mass tort context."  *Cabrera*, 2019 WL 1146828, at *8.  "At its core, '[p]ersonal jurisdiction is rooted in fairness to the defendant, and Rule 23 provides significant safeguards to that end.'"  *Sotomayor*, 2019 WL 1985115, at *2 (quoting *Allen v. ConAgra Foods, Inc.*, 2018 WL 6460451, at *7 (N.D. Cal. Dec. 10, 2018)).[4]

Indeed, applying *Bristol-Myers* to class actions "would radically alter the existing universe of class action law." *Id.* at *3.  *Bristol-Myers*, however, merely applied "settled principles" and, absent controlling authority to the contrary, the Court declines to read *Bristol-Myers* as effectively ending the nationwide class action.  *See* 137 S. Ct. at 1781, 1783; *see also Sloan*, 287 F. Supp. 3d at 845 ("[T]he Supreme Court expressly stated that its decision did not inaugurate a change in law."); *Sotomayor*, 2019 WL 1985115, at *3 ("*Bristol-Myers* does not suggest any intent to dramatically curtail the availability of the class action device, requiring class actions, even those involving federal questions in

_____

[4] Some courts have questioned whether *Bristol-Myers* ever applies in federal court because the decision "was animated by unique interstate federalism concerns."  *See, e.g., Sloan v. General Motors, LLC,* 287 F. Supp. 3d 840, 858 (N.D. Cal. 2018).  Indeed, *Bristol-Myers* left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court."  137 S Ct. at 1784.  However, because the Court concludes that *Bristol-Myers* does not apply to class actions, it need not decide whether it applies in federal court generally.

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  8:19-cv-00098-JLS-DFM                              Date:  June 06, 2019
Title:  Mariano Benitez v. Powerline Funding, LLC

federal court, to be filed in each state or only in the state in which the defendant is
incorporated or has its principal place of business.").

      Accordingly, for the foregoing reasons, the Court declines to extend *Bristol-Myers*
to class actions and Defendant's Motion is DENIED.

Initials of Preparer: