Aaron D Aftergood
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: 310-551-5221
Facsimile: 310-496-2840

Steven L. Woodrow*
   swoodrow@woodrowpeluso.com
Taylor T. Smith*
   tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 E. Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 216-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

*Attorneys for Plaintiff and the Putative Classes*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **MARIANO BENITEZ**, individually and on behalf of all others similarly situated,<br><br>                         Plaintiff,<br><br>   v.<br><br>**POWERLINE FUNDING, LLC**, a New York limited liability company,<br><br>                         Defendant. | Case No. 8:19-cv-00098-JLS-DFM<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: June 21, 2019<br>Time: 10:30 a.m.<br>Judge: Hon. Josephine L. Staton<br>Place: Courtroom 10A |

Plaintiff Mariano Benitez ("Plaintiff" or "Benitez") and Defendant Powerline Funding, LLC ("Defendant" or "Powerline") jointly submit this Rule 26(f) Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and this Court's standing order.

## 1.    Statement of the Case

Plaintiff's Position: Plaintiff brings this putative class action under the Telephone Consumer Protection Act ("TCPA" or "Act"), 47 U.S.C. § 227, *et seq.*, against Defendant to put an end to Defendant's unlawful telemarketing practices. Specifically, the Act prohibits any autodialed telemarketing calls to cellular telephones without the called parties' prior express written consent. The Act also makes it unlawful to place telemarketing calls using an artificial or prerecorded voice absent any prior express written consent. Further, the Act prohibits telemarketing calls to individuals who have revoked any prior express written consent previously provided by the called party.

Here, Plaintiff alleges that Defendant violated the Act by placing autodialed telemarketing calls to his cellular telephone without first procuring his prior express written consent. Plaintiff also received calls that featured an artificial and/or prerecorded voice. The purpose of the calls was to attempt to solicit Plaintiff to purchase Defendant's financial products. During at least one of the calls, Plaintiff spoke with an agent or employee of Powerline and requested to no longer receive calls. Despite this request, Defendant continued to place calls to Plaintiff to solicit him to purchase its products and services. Therefore, Plaintiff filed this instant case seeking statutory damages and injunctive relief on behalf of himself and the proposed Classes of similarly situated individuals.

Defendant's Position:  Defendant denies making the calls alleged in Plaintiff's Complaint, denies that it violated the TCPA, and denies generally the material allegations of Plaintiff's Complaint.

**2.     Legal Issues**

The parties anticipate that the case will involve the following legal issues:

(1)     Whether Defendant violated the TCPA;

(2)     Whether Defendant placed any of the alleged calls with an automatic telephone dialing system ("ATDS");

(3)     Whether Defendant placed any of the alleged calls with an artificial or pre-recorded voice;

(4)     Whether Defendant made any telemarketing calls to cellphone owners who did not previously provide Defendant with their prior express written consent;

(5)     Whether Defendant is vicariously liable for any alleged violation of the TCPA by a third-party caller;

(6)     Whether Plaintiff is entitled to injunctive relief;

(7)     Whether Plaintiff is entitled to recovery of attorney's fees and costs;

(8)     Whether Plaintiff's claims are appropriate for class treatment;

(9)     Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct; and

(10)    Defendant's defenses, including any additional defenses that may be developed through discovery and investigation.

**3.     Damages**

Plaintiff's Position: Plaintiff seeks an award or actual monetary loss or the sum of five hundred dollars ($500.00) for each violation of the TCPA whichever is greater. If Defendant is determined to have acted willfully, Plaintiff then seeks one thousand five hundred dollars ($1,500.00) for each violation of the TCPA.

Defendant's Position:  Defendant is not seeking any damages at this time.

**4.     Insurance**

1    Plaintiff's Position: Plaintiff does not possess any insurance coverage
2  applicable to the claims at issue.
3    Defendant's Position:  Defendant is not presently aware of any insurance
4  coverage applicable to the claims at issue.
5    **5.    Motions**
6    Plaintiff anticipates the potential need to amend the pleadings to conform the
7  class definition to information obtained during the discovery process.
8    **6.    Complexity**
9    Plaintiff's Position: This case is complex based on the extensive discovery
10 that will be necessary. The discovery process is likely to involve a high volume of
11 documents, a large number of parties involved (including third parties), and the
12 likely need to engage in extensive discovery of electronic data—which may require
13 the assistance of an expert.
14   Defendant's Position: This case does not include an unusually large number
15 of parties, claims, or defenses.  Moreover, the factual issues are not exceptionally
16 complex and resolution of the claims/defenses will not require a greater than normal
17 volume of evidence.  Therefore, this case does not warrant utilization of the Manual
18 of Complex Litigation.
19   **7.    Status of Discovery**
20   To date, no formal discovery has been exchanged. The parties intend to
21 exchange initial disclosures on June 14, 2019.
22   **8.    Discovery Plan**
23   Plaintiff's Position:
24   *(a)    Completion of Discovery;*
25   Plaintiff anticipates that extensive discovery will be necessary in the case.
26 The following is a non-exhaustive list of subjects on which the Plaintiff expects
27 discovery will be necessary:
28

(1)     The number of telephone calls placed by Defendant to Plaintiff and the proposed Classes;

(2)     Whether the dialing equipment utilized to place calls to Plaintiff and the proposed Classes constitutes an automatic telephone dialing system;

(3)     Defendant's policies and procedures for recording and honoring Do Not Call requests;

(4)     The content and purpose of the calls;

(5)     Whether Defendant's actions constitute willful violations of the TCPA;

(6)     The number of class members in the proposed Classes; and

(7)     Defendant's obtaining of prior express written consent.

Therefore, given the complexity of the case, Plaintiff respectfully requests that the Court enter a scheduling order allowing discovery to commence for a period of ten (10) months. Discovery should proceed with respect to both class certification and merits issues with a proposed end date of May 8, 2020. The first eight months will be devoted to fact discovery with a cut-off date of February 28, 2020. Then the last two months will be devoted to expert discovery.

*(b)     Filing of any motion for class certification and responsive briefing.*

Plaintiff proposes a deviation from the Court's regular deadline of six months after the scheduling conference to file any class certification motion. This deviation is necessary because Plaintiff expects a large portion of the discovery related to class certification will be obtained from the Defendant as well as potentially third parties. The extended deadline will enable the Court to make an informed determination following the close of all fact based discovery. Accordingly, Plaintiff proposes that he should move for class certification on or before March 13, 2020. Defendant shall file any response to Plaintiff's motion for class certification on or before April 10, 2020. Plaintiff shall file any reply in support of his motion for class certification by April 24, 2020. Additionally, Plaintiff proposes that the deadlines

for briefing any motion to deny class certification or class decertification motion shall run concurrent to the briefing schedule for the class certification motion.

Defendant's Position:  Defendant has no objection to the proposed discovery and class certification briefing dates set forth above.

**9.     Expert Discovery**

As set forth in attached exhibit, the parties jointly propose that Initial Expert Reports shall be served no later than March 13, 2020, and Rebuttal Expert Reports shall be served no later than April 10, 2020. Further, the parties jointly propose that all expert discovery shall be completed on or before May 8, 2020.

**10.     Dispositive Motions**

Plaintiff's Position: Plaintiff anticipates that a motion for summary judgment may be appropriate regarding the following issues:

(1)     Whether Defendant utilized an ATDS to place the telemarketing calls at issue;

(2)     Whether Defendant placed a call using an artificial or prerecorded voice to place the calls at issue;

(3)     Whether Defendant violated the TCPA;

(4)     Whether Defendant's actions constitute a willful violation of the TCPA; and

(5)     Whether Plaintiff is entitled to injunctive relief.

Defendant's Position:  Defendant anticipates that a motion for summary judgment may appropriate regarding the following issues:

(1)     Whether Defendant violated the TCPA; and

(2)     Whether Defendant is vicariously liable for any alleged violation of the TCPA by a third-party caller.

**11.     Alternative Dispute Resolution ("ADR") Procedure Selection**

The parties agree to select ADR Procedure No. 3 – private mediation.

**12.    Settlement Efforts**

The parties have discussed the possibility of settlement and anticipate that they will continue to discuss the possibility of settlement. At this time, the parties do not request Court assistance with settlement talks.

**13.    Preliminary Trial Estimate**

Plaintiff's Position: Plaintiff has made a proper jury trial demand. Plaintiff expects that trial in this case will take approximately 5 days. Plaintiff expects that he will testify at trial and will likely call Defendant's corporate representative to testify. Additional fact witnesses are likely to become known throughout the discovery process. Further, Plaintiff anticipates that an expert witness may be necessary.

Defendant's Position: Defendant estimates that trial in this case will take 3-5 days.  Defendant expects to call Defendant's corporate representative and an expert witness, if necessary.  Additionally, Defendant may call any persons deposed before trial, any witnesses otherwise needed to testify to the authenticity of documents and/or for rebuttal purposes, any and all witnesses identified through the course of discovery, any and all witnesses identified and/or to be identified by any other party, and any witnesses required for rebuttal, including any expert necessary to rebut any expert named by Plaintiff.

**14.    Trial Counsel**

Plaintiff's Trial Counsel: Steven L. Woodrow and Taylor T. Smith.

Defendant's Trial Counsel: Alan M. Ritchie

**15.    Independent Expert of Master**

The parties agree that this case is not suitable to the appointment of an Independent Expert or Master.

**16.    Other Issues**

1     **Plaintiff's Position:** Plaintiff proposes that all motions to add parties and

2 amend the pleadings be filed on or before September 19, 2019. This deadline is 90

3 days after the date of the scheduling conference. The additional time is necessary to

4 enable the parties to engage in discovery regarding whether additional parties are

5 liable for the calls to Plaintiff. Further, the extra time will allow Plaintiff to receive

6 responses to discovery and effectuate any subpoenas that may be necessary.

7     **Defendant's Position:**  Defendant has no objection to the proposed deadline

8 to add parties and amend the pleadings.

9

10                       Respectfully Submitted,

11                       **MARIANO BENITEZ**, individually and on

12                       behalf of all others similarly situated,

13 Dated: June 7, 2019          By: ___/s/ Taylor T. Smith_____

14

15 Aaron D Aftergood
    aaron@aftergoodesq.com

16 **THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200

17 Los Angeles, CA 90067
Telephone: 310-551-5221

18 Facsimile: 310-496-2840

19

20 Steven L. Woodrow*
    swoodrow@woodrowpeluso.com

21 Taylor T. Smith*
    tsmith@woodrowpeluso.com

22 **WOODROW & PELUSO, LLC**

23 3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210

24 Telephone: (720) 213-0675
Facsimile: (303) 927-0809

25

26 Attorneys for Plaintiff and the Classes

27

28 *Pro Hac Vice*

1

2                                    **POWERLINE FUNDING, LLC**,

3

4   Dated: June 7, 2019            By:    /s/ Alan M. Ritchie

5
                                   Alan M. Ritchie
6                                      aritchie@pilgrimchristakis.com
                                   **PILGRIM CHRISTAKIS LLP**
7                                  321 North Clark Street, 26th Floor
                                   Chicago, Illinois 60654
8                                  Telephone: 312-924-1773
                                   Facsimile: 312-939-0983
9
                                   Attorney for Defendant
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              JOINT CASE MANAGEMENT STATEMENT
                                              -8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on June 7, 2019.

                                      /s/ Taylor T. Smith