Aaron D. Aftergood (239853)
aaron@aftergoodesq.com
**THE AFTERGOOD LAW FIRM**
1880 Century Park East, Suite 200
Los Angeles, CA 90067
Telephone: (310) 550-5221
Facsimile: (310) 496-2840

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Pro Hac Vice*

Attorneys for Plaintiff Mariano Benitez
and the Classes

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **Mariano Benitez,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Powerline Funding, LLC**, a New York Limited Liability Company,<br><br>Defendant. | Case No.  8:19-CV-00098-JLS-DFM<br><br>**DECLARATION OF TAYLOR T. SMITH IN SUPPORT OF JOINT STIPULATION TO EXTEND ALL REMAINING DEADLINES**<br><br>Hon. Josephine L. Staton<br><br>Complaint filed: January 21, 2019 |

DECL. OF TAYLOR T. SMITH ISO JOINT STIPULATION TO EXTEND ALL REMAINING DEADLINES - 1 -

I, Taylor T. Smith, declare as follows:

1. I am an associate attorney with the law firm Woodrow & Peluso, LLC and attorney of record for Plaintiff Mariano Benitez ("Plaintiff" or "Benitez"). I am over the age of 18 and, if necessary, can competently testify if required to do so.

2. On January 24, 2019, Plaintiff, via process server, served a copy of the Complaint and summons on Powerline, which placed the deadline for responding to the Complaint on or before February 14, 2019.

3. Following service of the complaint and summons, Neil Thakor, counsel for Powerline reached out to Plaintiff's counsel requesting additional time to respond to Plaintiff's Complaint. The extensions were initially requested to allow sufficient time to respond to the Complaint and to discuss the possibility of settlement. Plaintiff agreed to stipulate to both extensions, which ultimately required Powerline to respond on or before March 18, 2019. (Dkts. 13, 17.)

4. In or around early March 2019, Plaintiff's counsel was informed that Neil Thakor no longer represented Powerline. Shortly thereafter, on March 13, 2019, Alan Ritchie filed his notice of appearance on behalf of Powerline. (Dkt. 19.)

5. To allow Mr. Ritchie adequate time to review the Complaint's allegations, counsel for Plaintiff agreed to stipulate to a third extension of the deadline to respond until April 15, 2019 (dkt. 21), which was approved by the Court on March 15, 2019 (dkt. 22).

6. On April 9, 2019, the Parties agreed to stipulate to a fourth extension to allow for further settlement discussions. (Dkt. 26.) The Court granted the stipulation to continue the deadline to respond to the Complaint until April 29, 2019. (Dkt. 27.)

7. On April 29, 2019, Powerline filed its Motion to Dismiss for Lack of Jurisdiction. (Dkt. 28.) Plaintiff filed his Opposition to the Motion to Dismiss on May 17, 2019. (Dkt. 30.) And Powerline filed its Reply on May 24, 2019. (Dkt. 31.)

8. On June 6, 2019, the Court issued its Order denying Defendant's

DECL. OF TAYLOR T. SMITH ISO JOINT STIPULATION TO EXTEND ALL REMAINING DEADLINES

- 2 -

Motion to Dismiss. (Dkt. 33.)

9. During this time, in accordance with Fed. R. Civ. P. 26(f), the Parties met and conferred and subsequently filed their Joint Case Management Statement.

10. On June 14, 2019, the Parties exchanged their Rule 26(a)(1) initial disclosures. Powerline's initial disclosures identified a third party agent, "Interimagine," which it claimed placed the calls to Plaintiff. Plaintiff's counsel has conducted a search for the entity, Interimagine. To date, Plaintiff is unable to locate the entity that Powerline claims is named "Interimagine."

11. On June 19, 2019, the Court issued the Scheduling Order, which set the following remaining deadlines for the case:

- Fact Discovery Cut-off: February 28, 2020;
- Last Day to File Motion for Class Certification: March 13, 2020;
- Last Day to File Motions (excluding *Daubert* Motions and all other Motions in Limine): March 13, 2020;
- Last Day to Serve Initial Expert Reports: March 13, 2020;
- Last Day to Serve Rebuttal Expert Reports: April 10, 2020;
- Last Day to File Opposition to Motion for Class Certification: April 10, 2020;
- Last Day to File Reply in Support of Motion for Class Certification: April 24, 2020;
- Last Day to Conduct Settlement Proceedings: May 1, 2020;
- Expert Discovery Cut-off: May 8, 2020;
- Last Day to File *Daubert* Motions: May 15, 2020;
- Last Day to File Motions in Limine (excluding *Daubert* motions): June 5, 2020; and
- Final Pretrial Conference (10:30 a.m.): July 10, 2020.

(Dkt. 37.)

12. On June 21, 2019, Plaintiff served his first set of discovery requests upon Powerline, which included interrogatories and requests for the production of documents. Powerline's responses were initially due on July 22, 2019.

13. In early June 2019, Alan Ritchie informed Plaintiff's counsel that he intended to withdraw as counsel for Powerline citing professional considerations.

14. On June 21, 2019, the Parties agreed to a fifth extension of the deadline to respond to the Complaint until July 12, 2019 (dkt. 42), which was granted on June 25, 2019 (dkt. 44). This extension was necessary to allow Powerline time to locate and retain new counsel.

15. At the same time, Plaintiff agreed to extend the deadline for Powerline to respond to his first set of discovery requests. Plaintiff only agreed to extend this deadline to permit Powerline's new counsel to provide fulsome responses following an adequate investigation.

16. On July 12, 2019, Powerline filed its answer to the Complaint. (Dkt. 46.)

17. In August 2019, following further discussions, Mr. Ritchie informed Plaintiff's counsel that Powerline had not yet retained new counsel, and that he would not be able to provide substantive discovery responses. Mr. Ritchie therefore requested another extension of the deadline to respond to the discovery requests.

18. Given the impending deadline to amend pleadings and add parties (due August 20, 2019), the Parties agreed to stipulate to an extension until October 1, 2019. (Dkt. 47.) This was intended to allow sufficient time for Powerline's next counsel to respond to the discovery requests, and Plaintiff's counsel sufficient time review the responses prior to the expiration of the deadline to amend pleadings and add parties.

19. On September 10, 2019, Powerline filed a Request for Approval of Substitution of Counsel. (Dkt. 53.)

DECL. OF TAYLOR T. SMITH ISO JOINT STIPULATION TO EXTEND ALL REMAINING DEADLINES

- 4 -

20. On September 12, 2019, Ingrid M. Rainey filed her appearance on behalf of Powerline. (Dkt. 56.)

21. Also on September 12, 2019, Ms. Rainey reached out to Plaintiff's counsel requesting an extension of time to respond to Plaintiff's first set of discovery requests. Ms. Rainey has informed counsel that Powerline's prior counsel did not spend any time working on the responses.

22. Plaintiff's counsel agreed to another extension of time to respond to discovery with the understanding that the Parties would also stipulate to a three-month extension of all remaining deadlines. The new deadline for Powerline to respond to discovery was October 25, 2019 (over *3 months* after its initial deadline).

23. On October 2, 2019, the Parties filed their Joint Stipulation to Extend All Remaining Deadlines. (Dkt. 57.)

24. On October 9, 2019, the Court issued its Order denying the Parties stipulation to continue all remaining deadlines. (Dkt. 58.)

25. On October 25, 2019, Powerline served its responses to Plaintiff's first set of discovery requests. Powerline's responses repeatedly stated that Powerline does not place telemarketing calls to consumers. Instead, Powerline claims that its agent, Interimagine, made all calls to consumers, such as Plaintiff. However, Powerline has not provided any further identifying information related to Interimagine, and Plaintiff is unable to locate any company by the name of "Interimagine." Moreover, to date, Powerline has not produced any responsive documents.

26. In response, pursuant to L.R. 37-1, Plaintiff served a discovery dispute letter on November 8, 2019, which addressed deficiencies with respect to Powerline's discovery responses. Counsel for both Parties conferred on November 22, 2019 to address the issues raised in Plaintiff's letter. Specifically, Plaintiff's counsel reiterated the necessity for additional information regarding Powerline's

DECL. OF TAYLOR T. SMITH ISO JOINT STIPULATION TO EXTEND ALL REMAINING DEADLINES
- 5 -

third party agent, Interimagine. The Parties agreed to confer further on December 3, 2019, wherein Powerline's counsel could provide Plaintiff with specifics regarding what additional information could be produced and to establish a deadline for the supplemental production.

27. On November 19, 2019, Powerline served its first set of discovery requests on Plaintiff—including interrogatories and requests for the production of documents. Plaintiff will serve his responses to Powerline's discovery requests on December 19, 2019.

28. On December 1, 2019, Powerline's counsel informed Plaintiff's counsel that her business partner unexpectedly passed away on November 30, 2019, and requested that the Parties reschedule their December 3rd call because the funeral was to be held the same day. The Parties thereafter agreed to confer on December 13, 2019.

29. On December 13, 2019, the Parties agreed that Powerline will produce supplemental responses to the discovery requests by January 10, 2020.

30. Plaintiff's counsel intends to serve a subpoena to testify at a deposition in a civil action as well as subpoena to produce documents, information, or objects on Interimagine following the receipt of information that identifies the entity. This information will be directly related to both merits and class issues. That is, Powerline has represented that Interimagine performs all of its telemarketing activities and possesses all of the necessary information—including call records, sources of potential consent, and records of stop requests.

31. The Parties are in mutual agreement that three-month extension of all remaining deadlines is necessary. The extension will allow Plaintiff time to effectuate subpoenas upon Interimagine following the receipt of information that identifies the legal entity. Moreover, the additional time will allow sufficient time for the Parties to resolve any remaining issues with respect to discovery prior to the

close of discovery. And, to the extent necessary, will permit the Parties to serve additional sets of discovery requests. In short, the extension will allow both Parties adequate time to engage in discovery without prejudicing either Parties' rights.

32. For the reasons stated above, the requested extension is supported by good cause.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 20, 2019, in Denver, Colorado.

By:    */s/ Taylor T. Smith*

Taylor T. Smith\*
tsmith@woodrowpeluso.com
**WOODROW & PELUSO, LLC**
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*\*Pro Hac Vice*

Attorney for Plaintiff Mariano Benitez and the Classes