# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| **Mariano Benitez,** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**Powerline Funding, LLC**, a New York Limited Liability Company,<br><br>Defendant. | Case No. 8:19-cv-00098-JLS-DFM<br><br>**ORDER GRANTING JOINT STIPULATION TO EXTEND ALL REMAINING DEADLINES**<br><br>**ORDER COMPELLING DISCOVERY**<br><br>Hon. Josephine L. Staton<br><br>Complaint filed: January 21, 2019 |

The Court grants the relief sought in the Joint Stipulation. Plaintiff has established good cause to extend the pretrial deadlines.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard of Rule 16(b) focuses on whether the movant was diligent or careless. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir.1992). Specifically,

> Rule 16(b)'s "good cause" standard primarily considers the diligence of
> the party seeking the amendment. The district court may modify the

1    pretrial schedule if it cannot reasonably be met despite the diligence of
2    the party seeking the extension. Moreover, carelessness is not
3    compatible with a finding of diligence and offers no reason for a grant
4    of relief.  Although existence of a degree of prejudice to the party
5    opposing the modification might supply additional reasons to deny a
6    motion, the focus of the inquiry is upon the moving party's reasons for
7    modification.

*Id.* at 609 (citations omitted).  District courts in the Ninth Circuit have broken down the "good cause" inquiry into three requirements.  *See, e.g., Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999); *Sanger v. Ahn*, No. 18-CV-07204-JCS, 2019 WL 4695278, at *2 (N.D. Cal. Sept. 26, 2019); *La Jolla Spa MD, Inc. v. Avidas Pharm., LLC*, No. 17CV1124-MMA (WVG), 2019 WL 1902604, at *2 (S.D. Cal. Apr. 29, 2019); *In re Silver Wheaton Corp. Sec. Litig.*, No. 215CV5146CASJEMX, 2018 WL 1517130, at *2 (C.D. Cal. Mar. 26, 2018); *IMH Fin. Corp. v. Underwriters at Lloyd's of London*, No. CV-13-01357-PHX-SRB, 2014 WL 12650646, at *2 (D. Ariz. June 2, 2014).  Those three requirements are:

> First, the movant was diligent in assisting the court in creating a workable scheduling order. . . .  Second, the movant's noncompliance with a deadline in the scheduling order occurred or will occur because of developments which could not have been reasonably foreseen or anticipated at the time of the scheduling conference, notwithstanding the movant's diligent efforts to comply with the deadline. . . .  And third, the movant was diligent in moving for an amendment of the scheduling order once it became apparent to the movant that the movant could not comply with the order.  If the movant was not diligent, then the inquiry ends and the motion will be denied.  Therefore, parties must diligently attempt to adhere to the schedule throughout the course of the litigation.

*Ramos*, 2019 WL 2106172, at *5 (internal quotation marks omitted, citing *Jackson*, 186 F.R.D. at 607-08).

Here, the parties have stipulated to an extension of pretrial deadlines; thus, neither party can be said to be the "movant." However, the Court looks to the diligence of the Plaintiff because although the extension will permit both sides to complete fact discovery, it is evident from the Joint Stipulation that the major consideration driving the request for an extension of pretrial deadlines is Plaintiff's inability serve a third-party subpoena on the entity Defendant has identified as making the calls that underlie Plaintiff's claims. Moreover, it is evident that Plaintiff's attempts at discovery have been derailed by Defendant's repeated failure to provide contact information regarding Interimagine (*see* Doc. 62, Stip. at 3, 5), Defendant's substitution of counsel (*id.* at 4), Defendant's repeated requests for additional time to respond to Plaintiff's discovery (*id.*), and defense counsel's loss of her business partner (*id.* at 6).

Over six months ago, Defendant identified a third party it contends made the calls to Plaintiff. Based on this description, information regarding Interimagine appears to the Court to fall into the first category—and most basic—of initial disclosures, which a party is required to make "***without awaiting a discovery request***." *See* Fed. R. Civ. P. 26(a)(1)(A)(i). Despite this, the parties' Joint Stipulation acknowledges that Defendant has not provided information sufficient to enable Plaintiff to serve a subpoena on the identified entity. Defendant is ORDERED to do so forthwith.

- Fact Discovery Cut-off: May 29, 2020;
- Last Day to File Motion for Class Certification: June 12, 2020;
- Last Day to File Motions (excluding Daubert Motions and all other Motions in Limine): June 12, 2020;
- Last Day to Serve Initial Expert Reports: June 12, 2020;
- Last Day to Serve Rebuttal Expert Reports: July 10, 2020;

- Last Day to File Opposition to Motion for Class Certification: July 10, 2020;
- Last Day to File Reply in Support of Motion for Class Certification: July 24, 2020;
- Last Day to Conduct Settlement Proceedings: July 31, 2020;
- Expert Discovery Cut-off: August 7, 2020;
- Last Day to File Daubert Motions: August 14, 2020;
- Last Day to File Motions in Limine (excluding Daubert motions): September 4, 2020; and
- Final Pretrial Conference (10:30 a.m.): October 9, 2020.

**IT IS SO ORDERED.**

Date: December 27, 2019

_____

Hon. Josephine L. Staton
United States District Judge